IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGAR J. VAZQUEZ-GALARZA<br>Plaintiff<br>vs<br>CENTRO MEDICO DEL TURABO, INC.,<br>d/b/a HIMA-SAN PABLO, INC.<br>Defendants | CIVIL 13-1248CCC |

**ORDER**

On April 4, 2013 Edgar J. **Vázquez-Galarza** ("plaintiff") filed an Amended Complaint against Centro Médico del Turabo, Inc. d/b/a HIMA-San Pablo, Inc. ("defendant") pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et. seq.*, as well as various Puerto Rico antidiscrimination statutes alleging that he was discriminated and retaliated against for his opposition and participation with respect to defendant's unlawful employment practices(docket entry 4). Before the Court is defendant's Rule 12(b)(6)Motion to Dismiss filed on May 31, 2014 (**docket entry 10**), plaintiff's Opposition (docket entry 18), defendant's Reply (docket entry 23), and plaintiff's Sur-Reply (docket entry 28).

**I.    ANALYSIS**

Defendant alleges in its motion to dismiss that: (1) this Court lacks jurisdiction over plaintiff's Tittle VII claim, and (2) plaintiff fails to state a retaliation claim under Title VII.

**1.    Lack of Jurisdiction Over Plaintiff's Tittle VII Claim**

Defendant contends that this Court lacks jurisdiction over plaintiff's claims since the original complaint was improperly filed by plaintiff **Edgar J. López-Galarza** and the amended complaint later filed by plaintiff **Edgar J. Vázquez-Galarza** is time barred. Defendant argues that the Amended Complaint does not relate back to the Complaint and thus, the amendment changing the plaintiff was made after the 90 days statutory period to file the complaint had elapsed.

CIVIL 13-1248CCC                             2

A plaintiff must exhaust his administrative remedies, including all EEOC procedures, before proceeding under Title VII in federal court.  Frederique-Alexandre v. Department of Natural and Environmental Resources, 478 F.3d. 433, 440 (1st Cir. 2007); Lebrón-Ríos v. U.S. Marshal Serv., 341 F.3d. 7, 13 (1st Cir. 2003).  The exhaustion requirement is not a jurisdictional prerequisite, but rather, is subject to waiver, estoppel, and equitable tolling. 478 F.3d. at 440.  The failure to obtain a right to sue letter prior to the commencement of a suit is a curable defect.  Martin v. Central States Emblems, Inc., 150 Fed. Appx. 852, 855, n.3 (10th Cir. 2005), quoting Jones v. Am. State Bank, 857 F.2d 494, 499 (8th Cir. 1988). Title VII sets a ninety-day statute of limitations for filing a complaint after the receipt of a right-to-sue letter.  See 42 U.S.C. § 2000e-5(e)(1).

Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure an amendment to a pleading relates back to the date of the original complaint when "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[1] is satisfied and if, within the period provided by the Rule 4(m) for serving the summons and complaint, the party to be brought in the amendment:  . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

As can be discerned from the record in the instant case, on October 19, 2012 plaintiff Edgar J. **Vázquez-Galarza** filed a discrimination charge against defendant before the ADU and the Equal Employment Opportunity Commission (EEOC), and on December 27, 2012 the EEOC issued a Notice of Right to Sue letter.  On March 25, 2013 plaintiff Edgar J. **López.-Galarza** filed a Complaint against defendant (docket entry 1) and on  March 26,

---

[1]The amendment asserts a claim or defense that arouse out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleadings . . .

CIVIL 13-1248CCC                                            3

2013, the Court issued summons in the name of Edgar J. López-Galarza (docket entry 3).[2] On April 4, 2013, an Amended Complaint was filed by plaintiff Edgar L. **Vázquez-Galarza** (docket entry 4).  The Amended Complaint was filed in order to correct plaintiff's last name only and it contains the same factual allegations and causes of action as the Complaint. Defendant should have known that an action would have been brought against it since it was fully aware that plaintiff **Edgar J. Vázquez-Galarza** had filed a discrimination charge against it before the EEOC and the ADU, and had received the Notice of Right to Sue.  Since the Amended Complaint was filed only to correct plaintiff's last name, and since defendant should have known that a complaint would have been brought against it, the Amended Complaint relates back to the Complaint and thus, it is not barred by the statute of limitations.

      **2.**      **Failure to State a Retaliation Claim Under Title VII**

Defendant also contends that plaintiff has not established a plausible claim of retaliation under Title VII.  Under Rule12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009).  "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'."   Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010).  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'."   Quirós v. Muñoz,

---

      [2]Defendant was not served with said complaint nor with the summons issued by the Court.

CIVIL 13-1248CCC                                    4

670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and declared two guiding principles in the assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51). At the pleading stage a plaintiff must allege "sufficient facts to 'provide fair notice to defendant and state a facially plausible legal claim.'" García Catalán v. United States of America, 734 F.3d 100 (2013), quoting from Ocasio Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

CIVIL 13-1248CCC                              5

> Title VII, 42 U.S.C. § 2000e-3(a) states, in pertinent part:
>
> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he opposed any practice made an unlawful employment practice by this subchapter, because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

That is, an employee engages in a protected activity, for purposes of a Title VII retaliation claim, by opposing a practice made unlawful by Title VII, or by participating in any manner in an investigation or proceeding under Title VII.  See Torres Negrón v. Merck & Co., 488 F.3d. 34, 44 (1st Cir. 2007); Montañez v. Educational Technical College, 660 F. Supp. 2d 235, 244 (D. Puerto Rico 2009).  To make out a *prima facie* case of retaliation under § 2000e-3(a), a plaintiff must allege that (1) he engaged in protected conduct under Title VII; (2) that he suffered an adverse employment action; and that (3) the adverse action was causally connected to the protected activity.  "An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."  Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009).

The amended complaint does not contain any allegations regarding the protected activity element of a facially plausible Title VII retaliation claim.  Allegations 12, 13 and 14 of the amended complaint aver that there was an investigation against plaintiff himself for having allegedly incurred in sexual harassment and that this was the only reason for his April 27, 2012 discharge.  This is followed by allegations 15 and 16 that his April 27, 2012 termination "was due to his participation in a sexual harassment investigation and also due to his opposition and participation against defendant's unlawful employment practices . . . specifically due to his participation and involvement in a sexual harassment investigation." That is, plaintiff's allegations all identify his participation in his own pending investigation for alleged sexual harassment by him against others as the protected activity of his retaliation

CIVIL 13-1248CCC                                     6

claim. This is reiterated in a categorical manner in his opposition to dismissal, (d.e. 18, p. 6), which reads:

> Participating in a sexual harassment investigation, albeit against one's self, constitute a protected activity conduct under Title VII, under the participation and opposition clause.

Plaintiff cites Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009) as supporting authority for his contention that his participation in the sexual harassment investigation brought against him as an alleged harasser is the equivalent of having engaged in activity protected by Title VII.  This is a misconstruction of the plain language of § 2003e-3(a) which provides that  to engage in protected activity the employee must have "opposed any practice made unlawful by Title VII or filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under Title VII", Fantini, at 32.  As mentioned in that case "[t]he 'protected activity' refers to action taken to protect or oppose prohibited discrimination", Fantini, at 32.  The employee can protest or oppose in different ways or may file a complaint charge, assist, testify or participate in an investigation under Tittle VII.  None of these situations contemplate that an employee who participates in a sexual harassment investigation brought against him is thereby engaging in activity protected by Title VII.  The complaint for sexual harassment was not pursued by plaintiff; it was filed against him.  His participation is not as a victim of sexual harassment nor as a witness for someone who has complained of sexual harassment but rather as a defense to the investigation brought against him. His contention that he has engaged in protected activity by participating in the  sexual harassment investigation against him does not constitute a plausible legal claim under § 2003e-3(a).

Having considered the allegations of retaliation set forth in the amended complaint and plaintiff's misleading statement that Fantini holds that participating in a sexual harassment investigation against oneself is protected conduct within the meaning of Title VII, the Court concludes  that his Title VII retaliation claim does not meet the plausibility pleading

CIVIL 13-1248CCC                                7

standard.  Accordingly, the Motion to Dismiss (**docket entry 10**) is GRANTED as to all Title VII retaliation claims set forth at first, second and fourth causes of action, with prejudice and as to the related local Law 80 claim for unjust dismissal based on his retaliation action, without prejudice.   Partial Judgment shall be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 12, 2014.


                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge